**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NATHAN KEVIN TURNER, | No. 13-16558 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-00632-TLN-DAD |
| v. | |
| JOHN ROHRER, M.D., | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted September 23, 2014[**]

Before:     W. FLETCHER, RAWLINSON, and CHRISTEN, Circuit Judges.

California state prisoner Nathan Kevin Turner appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

deliberate indifference to his serious medical needs.  We have jurisdiction under 28

U.S.C. § 1291.  We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Cir. 2004), and we affirm.

The district court properly granted summary judgment because Turner failed to raise a genuine dispute of material fact as to whether defendant consciously disregarded a serious risk to Turner's health related to his knee and shoulder injuries by failing to classify his medical needs as "urgent" or not pursuing a more aggressive course of treatment. *See Farmer v. Brennan*, 511 U.S. 825, 845, 847 (1994) (a prison official acts with deliberate indifference if "he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it"); *Toguchi*, 391 F.3d at 1058 (prisoner's difference of opinion with physician regarding course of treatment is not sufficient; rather, to show deliberate indifference, prisoner must establish that the chosen course of treatment "was medically unacceptable under the circumstances" (citation and internal quotation marks omitted)); *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991) ("[A] party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony.").

**AFFIRMED.**